UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:22-cv-80682

INGRID SOLANGE MANGUAL,

    Plaintiffs,
v.

PATRIOT DISASTER SPECIALIST, LLC
and RICHARD ETEN

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, INGRID SOLANGE MANGUAL, brings this action against Defendants, PATRIOT DISASTER SPECIALIST, LLC ("PATRIOT DISASTER") and RICHARD ETEN ("ETEN") (collectively referred to as "Defendants") to recover overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). In support thereof, Plaintiffs state as follows:

### PARTIES

1. Plaintiff is an individual who resides in Palm Beach County, Florida and is a former employee of the Defendants.

2. Defendant, PATRIOT DISASTER, is a water mitigation company that conducts business with customers in several states through the country. PATRIOT DISASTER'S corporate office is in Palm Beach County, Florida.

3. Defendant, ETEN, is an individual who is the owners of PATRIOT DISASTER.

4. Defendants, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiff.

5. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

6. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods and/or materials that has been moved in or produced for commerce.

7. Based upon information and belief, the annual gross sales volume of Defendants was in excess of $500,000.00 per annum at all times material hereto.

8. At all times pertinent to this Complaint, the corporate Defendant was an enterprise in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337, and by 29 U.S.C. § 216(b).

10. Venue is proper pursuant to 28 U.S.C. § 1391.  The Court has jurisdiction over Defendants, and in regard to Plaintiff in that the acts from which this lawsuit arise occurred in the Southern District of Florida.

11. Plaintiff began working for the Defendants in February 2021, earning $20.00 per hour.

12. In August 2021, Plaintiff's pay was increased to $21.25 per hour and in March of 2022 to $23.00 per hour.

13. Plaintiff was always an hourly, non-exempt employee who regularly worked overtime hours.  Defendants, however, failed to compensate Plaintiff at time and one half her regular rate of pay for the overtime hours she worked.

14. Instead, Defendants only paid Plaintiff's her regular hourly rate for all hours worked.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

15. At all times pertinent to this Complaint, Plaintiff performed duties such that she did not satisfy the requirements for any exemptions set forth in the FLSA.

16. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-209 by not compensating Plaintiff for all of the hours she worked in excess of forty (40) in one or more workweeks.

17. The records, if any, concerning the number of hours worked and the compensation paid to the Plaintiff are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of the Court to amend the Complaint for damages to set forth the precise amount due to her.

18. Defendants knew and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when it knew or should have known such was due.

19. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

20. Plaintiff is entitled to time and one half of her regular rate of pay for each hour (or part thereof) worked over forty (40) in a work week, along with an equal amount of liquidated damages.

21. Plaintiff has retained the undersigned counsel to represent her in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

22. Plaintiff demands a jury trial.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATION

23. Plaintiffs re-allege paragraphs 1-22 above.

24. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

25. By reason of said intention, willful and unlawful acts of Defendants, Plaintiff has suffered damages, plus incurred costs and reasonable attorneys' fees.

26. As a result of Defendants willful violation of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, INGRID SOLANGE MANGUAL, demands judgment against Defendants, PATRIOT DISASTER SPECIALIST, LLC and RICHARD ETEN for the payment of all overtime hours at one and one-half their regular rates of pay, liquidated damages and reasonable attorneys' fees and costs of suit, and such further relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues triable as of right by jury.

Dated: May 2, 2022

        Respectfully submitted,

        **GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
T: (954) 894-3035
E-mail: jauerbach@gallup-law.com

By: */s/ Jacob K. Auerbach*
     JACOB K. AUERBACH
     Florida Bar No.: 084003