UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80682-CIV-SMITH/MAYNARD

**INGRID SOLANGE MANGUAL,**

    **Plaintiff,**

vs.

**PATRIOT DISASTER SPECIALIST, LLC,
and RICHARD ETEN,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION
## FOLLOWING FLSA FAIRNESS HEARING

**THIS CAUSE** is before me upon the parties' Joint Motion to Approve Settlement Agreement and Dismiss Action with Prejudice ("Joint Motion"). DE 21. Presiding U.S. District Judge Rodney Smith has referred this matter to me to conduct a fairness hearing. DE 19.

On July 21, 2022, the parties submitted their executed Settlement Agreement and Release of Claims for *in camera* review. On August 3, 2022, I conducted a fairness hearing and heard from counsel for all parties regarding the fairness of their agreed-upon settlement of Plaintiff's sole claim brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

When a private action brought under the FLSA is settled, a court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). A reviewing court must find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While FLSA provisions are mandatory, the Eleventh Circuit recognizes that there may be bona fide

1

disputes as to FLSA coverage and thus, the Court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where, as here, a settlement agreement is entered into in an adversarial context with both sides represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise" over disputed issues. *Id.*

I have independently reviewed the entire record, the Joint Motion, and the parties' final Settlement Agreement. I have also considered the factors outlined in *Lynn's Food Stores, Inc. v. U.S.*, 679 F. 2d 1350, 1353 (11th Cir. 1982) and am otherwise fully advised. I find that the settlement in this case represents a genuine compromise of a bona fide dispute. The settlement is the negotiated result of an adversarial proceeding. Among other things, the Settlement Agreement includes a detailed breakdown of the settlement payments to be made to Plaintiff and her counsel, mutual releases, a non-disparagement/neutral references provision, and a non-admission of liability provision. The parties have agreed to settle for reasonable strategic and financial considerations. In all, the settlement—inclusive of the attorney's fees and costs—represents a reasonable and fair compromise that avoids the costs and uncertainty of further litigation.

## RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that the presiding U.S. District Judge (1) **GRANT** the parties' Joint Motion, DE 21; (2) **APPROVE** the parties' settlement agreement as fair and reasonable; (3) **DISMISS WITH PREJUDICE** this action; and (4) **RESERVE** jurisdiction to enforce the terms of the parties' settlement, if necessary.

**NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Rodney Smith. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 3rd day of August, 2022.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE